UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY TENNENTO,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER GONZALES, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-00490 - AWI - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 3)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |

    Tony Tennento, also known as William Volschow ("Plaintiff"), seeks to proceed *pro se* and *in forma pauperis* with an action pursuant to 42 U.S.C. § 1983 for violations of his civil rights by Christopher Gonzalez, Christopher Boston, and Jessey Esposito (collectively, "Defendants"). Plaintiff initiated this action by filing his complaint and a motion to proceed *in forma pauperis* on April 4, 2013. (Docs. 1, 3). For the following reasons, Plaintiff's complaint is **DISMISSED** with leave to amend.

**I.    Motion to proceed in forma pauperis**

    The Court may authorize the commencement of an action without prepayment of fees when an individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court has reviewed the affidavit, and determined Plaintiff's application satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

///

1

## II. Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A complaint must give a defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 677 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV.     Plaintiff's Allegations

Plaintiff asserts he was sitting in a stolen vehicle on March 9, 2013. (Doc. 1 at 4). At approximately 7:46 p.m. he heard three or four gunshots "close to the area I was at." *Id.* He asserts that twenty to thirty minutes later, two vehicles with "bright lights and a side light" pulled up behind the vehicle in which Plaintiff was sitting. *Id.* According to Plaintiff, the vehicles did not have "red, blue, or yellow flashing lights to indicate that these two cars where [sic] some type of law enforcement." *Id.*

Plaintiff alleges three people got out of the cars, and one of the men turned on a flashlight and started looking in the windows of the vehicle in which Plaintiff was sitting. (Doc. 1 at 4). Plaintiff reports this person stopped at the back of the vehicle on the driver's side and "banged on the window with the flash light and said 'get out of the car.'" *Id.* He asserts he "then jumped from the back of the SUV to the driver seat and started the vehicle." *Id.* When Plaintiff started the vehicle, "the driver side window was busted out." *Id.* Plaintiff asserts he saw three men standing seven to eight feet away from the vehicle on the driver's side as he put the car in reverse. *Id.* at 4-5.

3

According to Plaintiff, the vehicle it was riddled with bullets as soon as he started to drive in reverse. (Doc. 1 at 5). Plaintiff alleges he put his foot on the gas and backed up "at a reasonable speed to get away from the unknown people"[1] shooting at him. *Id.* Plaintiff reports he tried to turn but "was shot through the left for-arm and lost control[] of the vehicle and ran into a tree." *Id.* Plaintiff asserts he "started yelling 'stop shooting at me.'" *Id.* He contends the driver side door was opened, he was dragged out of the vehicle, and put in handcuffs. *Id.* Plaintiff asserts he had to lay on his stomach for about "2 to 3 minutes" prior to receiving medical attention. *Id.*

## V.     Discussion and Analysis

Plaintiff seeks to state a claim pursuant to 42 U.S.C.§ 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). An individual may bring a civil rights action pursuant to Section 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 U.S. Dist. LEXIS 53946, at *3 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he

---

[1] Given the circumstances of this incident—that Plaintiff was in a ***stolen*** vehicle when he was approached with men in cars with bright lights, who approached the vehicle and looked into it with flashlights and ordering him from the vehicle—that Plaintiff had no idea these men were police officers seeking to recover ***the stolen car and apprehend the thief***. *Iqbal*,556 U.S. at 667. Moreover, in response to the order to "get out of the car," it is incredible Plaintiff felt he was legally entitled to flee ***in the stolen vehicle*** and that his escape would not be prevented by the police. *Id.*

4

is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 U.S. Dist. LEXIS 52572, at *7 (E.D. Cal. Apr. 13, 2012).

Here, Plaintiff has not linked the named defendants to any alleged injury. To the contrary, Plaintiff asserts the individuals who shot at him are "unknown." (Doc. 1 at 5). Accordingly, the Court cannot find from the facts presented that Plaintiff has sufficiently plead a causal link between Defendants and a violation of Plaintiff's constitutional rights.

## VI.     Conclusion and Order

Plaintiff has failed to state a cognizable claim for a violation of his constitutional rights pursuant to Section 1983. Plaintiff will be granted leave to amend the complaint. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987) (leave to amend must be given "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment").

The amended complaint must reference the docket number assigned to this case and must be labeled "First Amended Complaint." Plaintiff is advised that an amended complaint supersedes all previously filed complaints. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Thus, once Plaintiff files a First Amended Complaint, the original complaint no longer serves any function in the case. Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint is **DISMISSED with leave to amend**;
2. Within twenty-one days from the date of service of this order, Plaintiff **SHALL** file an amended complaint curing the deficiencies identified by the Court in this order; and

///
///
///

3. <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated: **May 3, 2013**                    **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE