**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TONY TENNENTO,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPHER GONZALES, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-00490 - AWI - JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO OBEY THE COURT'S ORDERS |

Tony Tennento, also known as William Volschow ("Plaintiff"), is proceeding *pro se* and *in forma pauperis* with an action pursuant to 42 U.S.C. § 1983 for violations of his civil rights. For the reasons set forth below, the Court recommends the action be **DISMISSED**.

**I.     Procedural History**

Plaintiff initiated this action by filing his complaint on April 4, 2013. (Doc. 1). On May 3, 2013, the Court dismissed Plaintiff's complaint with leave to amend, and directed Plaintiff to file an amended complaint within twenty-one days of the date of service. (Doc. 4 at 6). Thus, Plaintiff's amended complaint was due May 24, 2013. Noting Plaintiff failed to file an amended complaint, the Court issued an order to show cause on May 31, 2013. (Doc. 5). Plaintiff was ordered "to show cause within 14 days of the date of service . . . why the action should not be dismissed for failure to prosecute and failure to comply with the Court's orders, or in the alternative, to file his First Amended Complaint." *Id.* at 2. To date, Plaintiff has failed respond to the Court's order.

## II. Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based upon a party's failure to obey a court order, failure to prosecute an action, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

## III. Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Notably, Plaintiff has failed file an amended complaint, in spite of its necessity for the case to proceed.

In the Order to Show Cause, the Court warned that it "may dismiss an action with prejudice, based upon a party's failure to prosecute an action or failure to obey a court order . . ." (Doc. 5 at 2). The Court's warning to Plaintiff that his failure to comply with the order would result in dismissal satisfies the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262;

*Henderson*, 779 F.2d at 1424.  Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the Court's orders, and his failure to prosecute the action.  Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

**IV.     Findings and Recommendations**

Plaintiffs has failed to prosecute this action by filing an amended complaint.  Further, Plaintiff has failed to comply with the Court's Orders dated May 3, 2013 and May 31, 2013.  (Docs. 4, 5).

Accordingly, **IT IS HEREBY RECOMMENDED**: This action be **DISMISSED WITHOUT PREJUDICE**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, Plaintiffs may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 20, 2013**                           **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE